IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | CASE NO. CV-F-02-6018 AWI DLB P |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION TO COMPEL DEFENDANT CASTILLO TO FURTHER RESPOND TO INTERROGATORIES |
| vs. | [Doc. 56] |
| EDGAR CASTILLO, et al., | |
| Defendants. | |

**BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The instant action involves allegations by plaintiff that during his incarceration at the California Substance Abuse Treatment Facility at Corcoran State Prison, defendants were deliberately indifferent to his medical needs by failing to provide him with a replacement for his old wheelchair. Plaintiff alleges that on January 28, 2002, he fell out of his wheelchair and suffered physical injuries. Plaintiff has filed a motion to compel further responses to Interrogatories served on defendant Castillo. Defendants did not file an opposition to the motion. The following interrogatories are at issues:

Interrogatory No. 7: Have you, in your duration as Chief Medical Officer or Health Care Manger at California Substance Abuse Treatment Facility and State Prison at Corcoran, or anywhere else within the Department of Corrections, ever had any complaints lodged

or filed against you?

Interrogatory No. 8:  How many federal civil rights complaints have been filed against you?

Interrogatory No. 9: How many state tort claims have been filed against you?

Interrogatory No. 10: have you ever had any medical association complaints lodged or filed against you?

Interrogatory No. 11: If "Yes" to Interrogatory No. 10 is you're your answer, state: (a) the name and description of each such complaint; (b) the date, time and place where each complaint was made, lodged or filed; (c) the method by and purpose for which each complaint was made, lodged or filed.

Interrogatory: No. 12:  Before you came to be employed by the Department of Corrections, what were you employed as?

Interrogatory No. 14:  What was the reason that you decided to leave your past employment and be employed by the Department of Corrections?

Interrogatory No. 15:  In your past employment, before being employed by the Department of Corrections, were there any complaints lodged or filed against you by private citizens to the medical board or medical association?

Interrogatory No. 16:  Have you ever been reprimanded because of medical malpractice?

Interrogatory No. 17:  If your answer to Interrogatory No. 16 was "Yes," state: (a) the nature of the reprimand; (b) how many times were you reprimanded? (C) the date, time and place of each such reprimand.

Interrogatory No. 18:  Are familiar with the Eighth Amendment?

Interrogatory No. 19:  Are you familiar with the Eighth Amendment bar on cruel and unusual punishment?

Interrogatory No. 20:  Are you familiar with the term deliberate indifference?

Interrogatory No. 21:  Do you know what deliberate indifference mean [sic]?

Interrogatory 22:  Are you familiar with the term reckless disregard?

Interrogatory 23:  Do you know what reckless disregard means?

## DISCUSSION

"Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party. . . . Relevant information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*" Fed. R. Civ. P. 26(b)(1) (emphasis added).  A party must respond to interrogatories by answer or objection; objections must clearly state the reason for the objection.  *See* Fed. R. Civ. P. 33(b)(1).  General boilerplate objections

1 are improper. *See Paulson v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996).  Further, a party may not refuse to respond to a requesting party's discovery on the ground that the requested information is in the possession of the requesting party, or on the ground that the information sought can be obtained from the requesting party's own pleadings. *Davidson v. Goord*, 215 F.D. 73, 77 (WD NY 2003).

The information regarding previous complaints made against Defendant Castillo requested in Interrogatories 7 through 12 and 14 through 17 is relevant to Plaintiff's claims in this case. Defendant's responses are composed almost entirely of boiler plate, conclusory objections. Defendant objected to the subject Interrogatories as "overbroad as to time, and vague as to subject matter"; "harassing, burdensome and oppressive" in that the information is "equally available to Plaintiff"; and further the information is "not likely to lead to the discovery of admissible evidence and therefore beyond the scope of permissible discovery." These objections are not well taken. The interrogatories do not appear vague, ambiguous, or overbroad when attributing ordinary definitions to the terms used. Information regarding previous complaints filed against Defendant Castillo within the Department of Corrections, in Court or with any state agency is surely within Defendants control or available to Defendant with little effort. Plaintiff is entitled to the information and Defendant is ordered to respond to these interrogatories.

With regard to Interrogatories 18 through 23, Defendant's objections are sustained. Defendant's knowledge or familiarity with the legal concepts referenced is irrelevant to Plaintiff's claims.

Accordingly, Plaintiff's Motion to Compel is HEREBY GRANTED IN PART. Defendants are ordered to further respond to Interrogatories 7 through 12 and 14 through 17 within 30 days of this Order.

IT IS SO ORDERED.

**Dated:   May 19, 2005**              **/s/ Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE