1
2
3
4
5
6
7        **IN THE UNITED STATES DISTRICT COURT**
8        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

10   ALFRED BROWN,                                    CASE NO. CV-F-02-6018 AWI DLB P

11                          Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                                      RECOMMENDING DEFENDANT'S
12              vs.                                   MOTION TO DISMISS BE GRANTED IN
                                                      PART
13   EDGAR CASTILLO. Et.al. ,
14                                                    [Doc. 67]
15                          Defendants.
16   _____/

17   I.       Procedural History

18           Plaintiff Alfred Brown ("plaintiff") is a state prisoner proceeding *pro se* and in *forma*

19   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

20   plaintiff's amended complaint against defendants CASTILLO, CURTIS, J.J KING, T. BARBEIRO,

21   D. WALKER, J. BUNKER, I. MATHOS, D. DUVALL, and T. DULAY.  Plaintiff alleges that

22   during his incarceration at the California Substance Abuse Treatment Facility at Corcoran State

23   Prison, defendants were deliberately indifferent to his medical needs by failing to provide him with a

24   replacement for his old wheelchair.  Plaintiff also alleges defendants' conduct violates his rights

25   under the Americans with Disabilities Act.  Plaintiff alleges that on January 28, 2002, he fell out of

26   his wheelchair and suffered physical injuries.  On May 18, 2005, defendant Bunker filed a motion to

27   dismiss the complaint.  Plaintiff filed an opposition to the motion on August 1, 2005 to which

28   defendant Bunker replied on August 3, 2005.

                                                   1

1    II.    Motions to Dismiss For Failure to State a Claim

2        In considering a motion to dismiss for failure to state a claim, the court must accept as true

3    the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4    738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion,

5    and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,

6    396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by

7    lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a

8    claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in

9    support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69,

10   73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake

11   Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

12       The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d

13   1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with

14   limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A.,

15   534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a

16   short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.

17   Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim

18   is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a

19   complaint only if it is clear that no relief could be granted under any set of facts that could be proved

20   consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions

21   to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512.

22   III.   Discussion

23       A.    Eighth Amendment Medical Care Claim

24       Plaintiff has a permanent medical condition that requires the use of a wheelchair. In his

25   amended complaint, he alleges that in July 2001, he submitted an emergency appeal about his

26   wheelchair needing repair. He describes his unsuccessful efforts thereafter to obtain badly need

27   repairs to the wheelchair despite the granting of his appeal on July 25, 2001 ordering that the

28   wheelchair be repaired. Plaintiff alleges that defendants ignored his requests and appeals to have his

2

1   wheelchair repaired and on January 28, 2002, he was thrown from his wheelchair and injured.

2   Plaintiff's allegations with regard to defendant Bunker relate to an encounter on January 2, 2002,

3   prior to the accident.  He alleges that he saw defendant Bunker and relayed the history to date of his

4   efforts to have the wheelchair repaired.  He states that defendant Bunker immediately called officer

5   Walker, who repaired wheelchairs on another yard and whom Bunker stated, he knew personally.

6   After Bunker talked to Walker, he told plaintiff that he had to call "C.T.C" to get an understanding

7   of what was going on with plaintiff's wheelchair.  He told plaintiff to come back after the morning

8   meal and Bunker gave plaintiff an inmate pass to that effect.  Plaintiff alleges that when he returned

9   tot he MTA office later that morning, Bunker "appeared nervous like he had done something wrong"

10  and immediately gave plaintiff his paperwork back in a hostile manner and stated that he was told by

11  Walker to call CTC about plaintiff's wheelchair.  Bunker stated that he was told to stay out of it and

12  to leave it alone.  Plaintiff alleges that Bunker then stated, "I'm through with you and I am not doing

13  anything else for you."

14          Defendant Bunker argues that plaintiff's allegations do not rise to the level of an Eighth

15  Amendment violation.  He alleges that he was a newly assigned MTA and at plaintiff's request he

16  immediately inquired into the status of the repair request and that he was not deliberately indifferent

17  to plaintiff's medical needs.

18          "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

19  Punishment Clause depends upon the claim at issue . . . ."  Id. at 8.  "The objective component of an

20  Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."

21  Id. at 8 (quotations and citations omitted).  A prisoner's claim of inadequate medical care does not

22  constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

23  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate

24  indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation

25  must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994)

26  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

27  "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct

28  undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison

3

1  official does not act in a deliberately indifferent manner unless the official "knows of and disregards

2  an excessive risk to inmate health or safety."  Id.

3      Prison officials are deliberately indifferent to a prisoner's serious medical needs when they

4  "interfere with treatment once prescribed."  Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth

5  Circuit has found deliberate indifference where prison officials "deliberately ignore the express

6  orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner."

7  Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992) (reversing summary judgment where prison

8  officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of

9  a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

10  1989) (per curium) (reversing summary judgment where medical staff knew that pretrial detainee

11  had head injury, but prescribed contraindicated medications, disregarding evidence of complications

12  to which they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434

13  F.2d 625 (9th Cir. 1970) (finding cognizable claim for deliberate indifference where warden refused

14  to authorize prisoner's receipt of medicine that had been previously prescribed by a physician); Cf.

15  McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992) (where surgery recommended by

16  prisoner's prior physician was severely delayed, court was unable hold doctors liable because prison

17  administrators, not the doctors, were responsible for scheduling treatment).

18      A heightened pleading standard may no longer be applied to constitutional tort claims in

19  which improper motive is an element, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th

20  Cir. 2002), and the complaint need only satisfy "the simple requirements of Rule 8 (a)."  Id. at 1125.

21  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

22  offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a

23  recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755

24  (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune,

25  No. 02-16546, 2004 WL 1088293, at *2 (9th Cir. May 17, 2004) ("'Pleadings need suffice only to

26  put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977

27  (9th Cir. 2001))).

28      Construing the allegations relating to defendant Bunker in the light most favorable to plaintiff

4

1    and resolving all doubts in his favor, the Court finds that the allegations are sufficient to state a claim

2    under the Eighth Amendment.

3              Plaintiff alleges in his complaint that when he first approached defendant Bunker, he

4    informed Bunker of the issues he was having with his wheelchair and the history of his efforts to

5    have it repaired.  Indeed, accordingly to plaintiff's allegations, at the time he approached defendant

6    Bunker, the right foot rest was broken and plaintiff was required to cross his right leg over his left

7    leg to keep his right foot from dragging on the ground.  The bearings were also making noise.

8    Plaintiff contends that defendant Bunker was helpful at first and he indicated that he would inquire

9    into the status of the needed repairs.  However, plaintiff alleges that when he saw Bunker later,

10   Bunker was hostile and short and essentially told plaintiff he was not going to help him.

11             Although defendant argues that these allegations do not rise to the level of an Eighth

12   Amendment violation, according to plaintiff, Bunker denied him assistance despite the obvious

13   condition of his wheelchair and his knowledge of plaintiff's problems.  Construing the allegations in

14   the complaint in the light most favorable to plaintiff, the court finds that plaintiff has adequately

15   alleged that defendant acted with deliberate indifference.  Defendant has set forth no arguments that

16   persuade the court that the allegations set forth in plaintiff's complaint are so woefully inadequate

17   that plaintiff 's Eighth Amendment claim fails to meet the minimal notice pleading standard.

18   B.       ADA Claim

19             Title II of the Americans with Disabilities Act (ADA) provides that "no qualified

20   individual with a disability shall, by reason of such disability, be excluded from participation in or be

21   denied the benefits of the services, programs, or activities of a public entity, or be subject to

22   discrimination by such entity."  42 U.S.C. § 12132.  The Rehabilitation Act (RA) provides that "no

23   otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be

24   excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

25   any program or activity receiving Federal financial assistance. . . ."  29 U. S. C. § 794.  Title II of the

26   ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections v.

27   Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.

28   1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

1    In order to state a claim under the ADA and the RA, plaintiff must have been ". . . improperly

2    excluded from participation in, and denied the benefits of, a prison service, program, or activity on

3    the basis of his physical handicap." <u>Armstrong</u> at 1023.  Education, vocational training, and medical

4    attention can be seen as benefits to inmates. <u>Id</u>. at 1024.

5    In order to state a claim under the ADA and the RA, plaintiff must have been "improperly

6    excluded from participation in, and denied the benefits of, a prison service, program, or activity on

7    the basis of his physical handicap." <u>Armstrong</u> at 1023.  It appears that plaintiff  has a disability

8    within the meaning of the ADA and the RA, however, plaintiff has not alleged that he was excluded

9    or denied from a prison program based on his disability.  As stated by defendant Bunker, plaintiff

10   states a typical claim under section 1983 for failure to provide medical care but he does not state a

11   claim under the ADA.

12   IV.    <u>Conclusion</u>

13   Based on the foregoing, the court finds that plaintiff's complaint states a claim for relief

14   against defendant Bunker for violation of the Eighth Amendment, but does not state a claim for relief

15   for violation of the ADA.  The court therefore recommends that defendant's motion be denied as to

16   the Eighth Amendment claim but granted as to the ADA claim.

17   Accordingly, it is HEREBY RECOMMENDED that

18   1.    Defendant's motion to dismiss, filed May 18, 2005, be granted in part and denied in

19          part as follows:

20          a.    Defendant's motion to dismiss this action in its entirety for failure to state a

21                claim and enter judgment be denied;

22          b.    Defendant's motion to dismiss plaintiff's Eighth Amendment medical claim

23                for failure to state a clam be denied; and

24          c.    Defendant's motion to dismiss plaintiff's ADA claim be granted.

25   These Findings and Recommendations will be submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

27   days after being served with these Findings and Recommendations, the parties may file written

28   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

6

Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 5, 2005**                    **/s/ Dennis L. Beck**

3b142a                                                         UNITED STATES MAGISTRATE JUDGE