IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>            Plaintiff,<br><br>      vs.<br><br>EDGAR CASTILLO, et al.,<br><br>            Defendants.         / | CASE NO. CV-F-02-6018 AWI DLB P<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL DEFENDANT BUNKER TO RESPOND REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>[Docs. 80, 92] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The instant action involves allegations by plaintiff that during his incarceration at the California Substance Abuse Treatment Facility at Corcoran State Prison, defendants were deliberately indifferent to his medical needs by failing to provide him with a replacement for his old wheelchair. Plaintiff alleges that on January 28, 2002, he fell out of his wheelchair and suffered physical injuries. Plaintiff has filed a motion to compel further responses to his Request for Production of Documents to defendant Bunker served on May 19, 2005. Defendant Bunker filed an opposition to the motion on July 18, 2005. Defendant argues that plaintiff's motion must be denied based on the Court's March 28, 2005 scheduling order setting the discovery cut-off for May 27, 2005 and stating that all discovery had to be served at least 45 days prior to the discovery cut-off. Defendant also argues that

plaintiff failed to meet and confer regarding this discovery dispute as required by the Court's March 28, 2005 Order and Federal Rule of Civil Procedure 37(a)(2)(B).

While the Court agrees that plaintiff's request for production of documents was untimely under the Court's March 28, 2005 Order, defendant is reminded that on April 13, 2005, plaintiff filed an amended complaint. On May 18, 2005, defendant Bunker filed a motion to dismiss the claims against him. The Court has recommended that the motion be granted in part. Upon adoption of the recommendation by the District Court, defendant Bunker will be required to answer the amended complaint which will result in new scheduling deadlines, including a new discovery cutoff.

Accordingly, plaintiff's motion to compel responses to plaintiff's request for production of documents from defendant Bunker is DENIED without prejudice to reserving the request upon the issuance of a modified scheduling order. With this in mind, defendant should consider voluntarily providing a response to the request. Plaintiff is reminded that pursuant to Federal Rule of Civil Procedure 37(a)(2)(A), a motion to compel discovery responses must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

IT IS SO ORDERED.

**Dated:** **October 6, 2005**          **/s/ Dennis L. Beck**
3b142a                                                    UNITED STATES MAGISTRATE JUDGE