UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALRED BROWN,** | 1:02-cv-6018-AWI-DLB-P |
| **Plaintiff,** | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 82) |
| **vs.** | |
| **EDGAR CASTILLO, et al.,** | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART (Doc. 78) |
| **Defendants.** / | |

    Plaintiff, Alfred Brown ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On October 6, 2005, the Magistrate Judge filed Findings and Recommendations that recommended Defendant Bunker's motion to dismiss be denied on Plaintiff's Eighth Amendment medical claim and granted on Plaintiff's ADA claim.  The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On October 25, 2005, Defendant Bunker filed objections.  On November

1

1, 2005, Plaintiff filed a motion to extend time and, in the meantime, filed objections on December 12, 2005. However, on December 15, 2005, the court granted Plaintiff an additional thirty (30) days within which to respond, which crossed in the mail with Plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In his objections, Defendant Bunker contends that the amended complaint fails to state a claim against him for deliberate indifference to Plaintiff's medical needs. Defendant Bunker argues that upon learning about the problems with Plaintiff's wheelchair, he called the clinic and was told it was being handled. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2002). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Rule 8 contains a "powerful presumption against rejecting pleadings for failure to state a claim." Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir.

2

1  2003) (quoting Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49
2  (9th Cir.1997)).  Rule 8 does not require a claimant to set out
3  in detail the facts upon which he bases his claim, and the
4  defendant only needs to be given fair notice of what the
5  plaintiff's claim is and the grounds upon which it rests.  Lee v.
6  City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001)  (citing
7  Leatherman v. Tarrant County Narcotics Intelligence and
8  Coordination Unit, 507 U.S. 163, 168 (1993) and Conley v. Gibson,
9  355 U.S. 41, 47 (1957)).

10     Here, Plaintiff claims that Defendant Bunker was
11 deliberately indifferent to his medical needs by not ensuring
12 that his wheelchair was fixed.  A prisoner's claim of inadequate
13 medical care does not constitute cruel and unusual punishment
14 unless the mistreatment rises to the level of "deliberate
15 indifference to serious medical needs."  Estelle v. Gamble, 429
16 U.S. 97, 106 (1976).  A prison official is deliberately
17 indifferent if he knows that a prisoner faces a substantial risk
18 of serious harm and disregards that risk by failing to take
19 reasonable measures to abate it. Farmer v. Brennan, 114 S. Ct.
20 1970, 1984 (1994).  Here, Defendant Bunker may well be able to
21 establish in a motion for summary judgment or at trial that his
22 response to Plaintiff's medical needs was reasonable and he had
23 no ability to fix the wheelchair or order anyone else to fix the
24 wheelchair.  However, it is not clear "that no relief could be
25 granted under any set of facts that could be proved consistent
26 with the allegations." Swierkiewicz, 534 U.S. at 512 (quoting
27 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Thus, the
28 court agrees with the Magistrate Judge that the deliberate

3

1  indifference claim meets the applicable pleading standards.
2      In his objections, Plaintiff contends that the Magistrate
3  Judge erred in recommending the court dismiss the ADA claim.  The
4  elements for such a claim are: (1) that the plaintiff is a
5  handicapped person; (2) that he is otherwise qualified; and (3)
6  that the defendants' actions either (a) excluded his
7  participation in or denied him the benefits of a service,
8  program, or activity; or (b) otherwise subjected him to
9  discrimination on the basis of his physical or mental handicap.
10  Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir.1996).  In other
11  words, the plaintiff must allege that he was denied the benefits
12  of the services, programs, or activities of the prison, or has
13  been subjected to discrimination because of his alleged
14  disability.  Armstrong v. Wilson, 124 F.3d 1019 (9th Cir.1997).
15  Here, the complaint fails to allege how Defendants discriminated
16  against Plaintiff and what service, program, or activities
17  Plaintiff was denied.  The complaint's allegations are
18  insufficient to state a claim for a violation of the ADA.
19      Accordingly, IT IS HEREBY ORDERED that:
20      1.   The Findings and Recommendations, filed October 6,
21  2005, are ADOPTED IN FULL; and,
22      2.   Defendant's motion to dismiss, filed May 18, 2005, is
23  GRANTED IN PART and DENIED IN PART as follows:
24           a.   Defendant Bunker's motion to dismiss this action
25  in its entirety for plaintiff's failure to state a claim, and
26  judgment be entered is DENIED;
27           b.   Defendant Bunker's motion to dismiss plaintiff's
28  Eighth Amendment medical claim for failure to state a clam is

DENIED; and,

        c.    Defendant Bunker's motion to dismiss plaintiff's ADA claim is GRANTED.

IT IS SO ORDERED.

**Dated:**   **February 17, 2006**             **/s/ Anthony W. Ishii**
9h0d30                                    UNITED STATES DISTRICT JUDGE