IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EDGAR CASTILLO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-02-6018 AWI DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT BUNKER<br><br>[Doc. 130] |

**BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The instant action involves allegations by plaintiff that during his incarceration at the California Substance Abuse Treatment Facility at Corcoran State Prison, defendants were deliberately indifferent to his medical needs by failing to provide him with a replacement for his old wheelchair. Plaintiff alleges that on January 28, 2002, he fell out of his wheelchair and suffered physical injuries. Plaintiff has filed a motion to compel further responses to his second request for production of documents served on defendant Bunker. Defendants filed an oppositon to the motion on May 4, 2006.

In the requests at issue, plaintiff seeks copies of depositon transcritps taken in the course of this

1

litigation as well as documents obtained from plaintiff's Central File and medical record as a result of a subpoena issued by Bunker's attorney.

Defendant Bunker has objected to the requests asserting that plaintiff must obtain copies of the deposition transcripts directly from the court reporter and upon payment of reasonable charges. Defendant further asserts that documents from plaintiff's Central File and medical record are equally accessible to plaintiff at the facility CSATF/SP at a cost of $0.12 per page. In the alternative defendant offers to provide the documents to plaintiff at a cost of $.25 per page to be prepaid before copies are forwarded to plaintiff.

## DISCUSSION

**a.     Deposition Transcripts**

Federal Rule of Civil Procedure 30(f)(2) provides:

> Unless otherwise ordered by the court or agreed by the parties, the officer shall retain stenographic notes of any deposition taken stenographically or a copy of the recording of any deposition taken by another method. Upon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or the deponent.

This court cannot compel defendant to provide copies of the deposition transcripts to plaintiff. As stated by defendant, plaintiff must obtain copies of the transcripts by making arrangement directly with the court reporter. Neither this court nor defendant can provide a copy to plaintiff without the authorization of the court reporter.

**b.     Documents from Plaintiff's Central File and Medical File**

Plaintiff is entitled to documents responisve to his request which are in defendant's "possession, custody or control." Fed.R.C.P. 34(a). The producing party bears the costs of reviewing and gathering such documents but the requesting party must pay for the costs of copying the documents. Plaintiff is not entitled to copies of the documents free of charge. Defendant has correctly pointed out that the documents are available to plaintiff at the institution at a cost of $0.12 per page. Defendant has advised plaintiff that the costs for counsel to copy the documents for plaintiff is $0.25 per page. Based on his discovery request, plaintiff apparently wants defendants to provide the documents to him. Plaintiff's motion to compel is therefore granted to the extent plaintiff is willing to provide payment to defendant

1 | for the costs of complying with the demand.

## CONCLUSION

Based on the foregoing, plaintiff's motion to compel is granted in part. Within 10 days of this order, defendant shall provide to plaintiff the total cost of copying the requested documents. Plaintiff shall thereafter forward the funds to defendant's counsel. Within 10 days of receipt of the appropriate funds, defendant shall forward the requested documents to plaintiff. In light of defendant's agreement to provide the documents to plaintiff upon payment of the appropriate costs, plaintiff's request for sanctions is denied.

IT IS SO ORDERED.

Dated:   May 19, 2006                    /s/ Dennis L. Beck
3b142a                                 UNITED STATES MAGISTRATE JUDGE