IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>EDGAR CASTILLO, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-02-6018 AWI DLB P<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL DEFENDANT BUNKER TO FURTHER RESPOND TO INTERROGATORIES<br><br>[Doc. 131] |

**BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The instant action involves allegations by plaintiff that during his incarceration at the California Substance Abuse Treatment Facility at Corcoran State Prison, defendants were deliberately indifferent to his medical needs by failing to provide him with a replacement for his old wheelchair. Plaintiff alleges that on January 28, 2002, he fell out of his wheelchair and suffered physical injuries. Plaintiff has filed a motion to compel further responses to Interrogatories served on defendant Bunker. Defendant filed an opposition to the motion on May 4, 2006. The following interrogatories are at issue:

　　Interrogatory No. 1: In your response to Interrogatory no: 5, Set One, "I was not told to contact I. Mathos. When I was unable to speak with R. Walker, I contacted I. Mathos on my own initiative." Then how was it, when, as you have stated, you were not directed

1

1
2
      to contact J. Mathos, then you contrived to contact I. Mathos on your own initiative when I. Mathos job position at that time had nothing to do with wheelchairs, wheelchair service or wheelchair repair?

3
4
5
      Interrogatory No. 2: What process did you use on your own initiative that brought you to the understanding, other than the ADA Coordinator, the ADA Appeal Coordinator, Medical Appeals Analysis or Chief Medical Officer, that I. Mathos PHN-1 (infectious disease nurse) was the person to contact about my wheelchair?

6
7
      Interrogatory No. 3: Upon your personal observation of plaintiff's wheelchair, January 2, 2002, what determination did you make personally about the condition of plaintiff's wheelchair that made you inquire about its repair immediately?

8
9
      Interrogatory No. 4: Are you aware that there were in place at the time other methods of repair available to you as MTA on the e-facility in your pursuit of the handling(sic) of the repair of plaintiff's wheelchair to insure plaintiff's safety aside from the directive told to you by I. Mathos, not to pursue the matter further?

10      Defendant provided essentially the same response to all of the interrogatories:

11
12
      Objection.  Vague, ambiguous and unintelligible as phrased.  As such, no response will be provided.

## **DISCUSSION**

13
14
15
16
17
18
19
"Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party. . . .  Relevant information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*." Fed. R. Civ. P. 26(b)(1) (emphasis added).  A party must respond to interrogatories by answer or objection; objections must clearly state the reason for the objection.  *See* Fed. R. Civ. P. 33(b)(1).  General boilerplate objections are improper.  *See Paulson v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996).

20
21
22
23
24
25
26
27
While the interrogatories at issue could be clearer, defendant's objections are not well taken. The responding party must exercise reason and common sense in answering discovery.  If necessary, the responding party may provide definitions in order to clarify their answers.  However, objections to interrogatories as vague and ambiguous, with no response, will rarely be upheld.  Here, any ambiguity in the interrogatories could have easily been resolved by conferring with plaintiff.  It appears that plaintiff is essentially requesting information as to why defendant Bunker made the choice to contact I. Mathos and further what defendant Bunker's observation was on January 2, 2002 as to the condition of plaintiff's wheelchair.

28
Accordingly, plaintiff's motion to compel is granted in part.  Within 10 days of this Order,

1  defendant shall either provide further responses to the interrogatories or confer with plaintiff
2  regarding the ambiguities.  Should defendant request clarification regarding any interrogatory,
3  plaintiff shall provide such clarification within 10 days.  Defendant shall provide a response to the
4  clarified interrogatory within 10 days.
5       IT IS SO ORDERED.
6       **Dated:   May 22, 2006**                  **/s/ Dennis L. Beck**
   3b142a                                           UNITED STATES MAGISTRATE JUDGE