# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDGAR CASTILLO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:02-cv-06018-LJO DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' REPLY<br><br>(Doc. 180)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 171) |

I.　Order

　　A.　Procedural History

Plaintiff Alfred Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.　Plaintiff filed his first complaint on August 20, 2002, wherein he alleged that defendants CASTILLO, former Chief Medical Officer; CURTIS, former American with Disabilities Act Medical Coordinator; KING, Correctional Counselor II; BARBEIRO, former Medical Appeals Analyst; WALKER, Correctional Officer; BUNKER, Medical Technical Assistant (MTA); MATHOS, former Public Health Nurse; DUVALL, Inmate Appeals Coordinator; and DULAY, MTA, violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs from July 2001 until January 2002 (Doc. 1).

Specifically, plaintiff alleged that during his incarceration at the California Substance Abuse Treatment Facility (CSATF) at Corcoran State Prison, defendants were deliberately indifferent to his medical needs by falling to provide him with a replacement for his old wheelchair. (Complaint ¶¶ 16-18). He further alleged that on January 28, 2002, he fell out of his wheelchair and suffered physical injuries. (Complaint ¶¶ 16-18).

On August 4, 2003, defendants Barbeiro, Castillo, Curtis, Dulay, Duvall, King, Mathos and Walker filed a motion to dismiss pursuant to 29 U.S.C. § 1925(g). (Doc. 11). On November 21, 2003, the court recommended the motion to dismiss be denied. (Doc. 35). On February 10, 2004, defendants filed a second motion to dismiss based on plaintiff's failure to exhaust administrative remedies. (Doc. 38). On June 2, 2004, the Magistrate Judge recommended that the motion to dismiss be granted in part. (Doc. 44). The court found that the plaintiff had exhausted administrative remedies as to his request for a replacement wheelchair, but not as to the January 28, 2002 incident in which plaintiff fell from his wheelchair. Id. The court recommended that plaintiff's claim regarding the January 2002 incident be dismissed, but denied defendants' motion to dismiss the wheelchair claim. Id. On September 17, 2004, the District Court found that plaintiff had exhausted administrative remedies with regard to both claims and denied defendants' motion. (Doc. 55.)

On September 5, 2005, defendants Barbeiro, Castillo, Curtis, Dulay, Duvall, King, Mathos and Walker filed a motion for summary judgment.[1] (Doc. 102). On October 19, 2007, the court granted the motion in part, and dismissed the action against defendants King, Curtis, Barbeiro, Duvall and Dulay in its entirety.[2] (Doc. 174). Defendants Walker, Mathos and Castillo were granted summary judgment based on plaintiff's ADA claims only. This action is proceeding as against defendants Walker, Mathos, and Castillo ("Defendants") based on plaintiff's Eighth Amendment

---

[1] This case has an extensive procedural history that is not outlined fully as it is not relevant to the current motion. However, it is noted that defendant Bunker also filed a motion for summary judgment on December 27, 2006. His motion was granted on September 28, 2007, and the action was concluded against defendant Bunker in its entirety. (Doc. 169).

[2] On September 28, 2007 the court issued an order granting in part the defendants' motion for summary judgment. (Doc. 168). However, the court inadvertently omitted defendant Curtis from its order. The court issued an amended order on October 19, 2007, and dismissed defendant Curtis from the action in its entirety. (Doc. 174).

claim.

On October 10, 2007, defendants Barbeiro, Castillo, Curtis, Dulay, Duvall, King, Mathos and Walker filed an application for reconsideration of their motion to dismiss for failure to exhaust administrative remedies. (Doc. 171).[3] Plaintiff filed his opposition on October 19, 2007. (Doc. 173). Defendants filed their reply on November 19, 2007. (Doc. 176). On December 10, 2007, plaintiff filed a motion requesting leave to respond to Defendants' reply. (Doc. 180). The court will grant plaintiff's motion and has considered all of these documents in determining the merits of the motion to dismiss for failure to exhaust administrative remedies.

B.   Legal Standard

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect...(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

---

[3] This motion is now proceeding only with respect to defendants Castillo, Matthews and Walker.

C. <u>Defendants' Motion for Reconsideration</u>

Defendants request that this court reconsider its order dated September 17, 2004 denying the motion to dismiss for failure to exhaust administrative remedies, in light of the Supreme Court's subsequent decision in <u>Woodford v. Ngo</u>, 126 S. Ct. 2378 (2006). In <u>Woodford</u>, the Supreme Court held that proper exhaustion of administrative remedies is necessary to satisfy the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), and that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . " , <u>Id</u>, at 2386, and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," <u>Id</u>, at 2382.

Defendants contend that plaintiff's claim relating to the January 28, 2002 incident must be dismissed, *per* <u>Woodford</u>, because plaintiff failed to adhere to the deadlines and filing procedures set out the by the California Department of Corrections and Rehabilitation.

I) <u>Timeliness of Plaintiff's Grievance/Appeal</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. <u>Id</u>. at §§ 3084.5, 3084.6. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

Defendants contend that plaintiff failed to file an inmate grievance concerning the January 28, 2002 incident within the fifteen day time limit as required. In support of their argument, defendants refer to a CDC 602 form previously filed with the court by the plaintiff and dated June 14, 2004. (Doc. 171, Exh. A). On the CDC 602, the plaintiff states that his grievances concerning the January 28, 2002 incident had been screened out as duplicative of his appeal #SATF-01-05079 (concerning the delay in replacing or repairing plaintiff's wheelchair), states that the court was

4

considering a motion to dismiss his civil action for failure to exhaust,[4] and requests that his appeal now be completed. Id. Defendants also refer to a CDC 695 Inmate/Parolee Appeals Screening Form dated June 18, 2004. (Doc 171, p. 13, Exh.B). On this form, plaintiff was advised that SATF-E-01-05079 was completed on March 5, 2002, and noted that plaintiff failed to submit an appeal concerning the January 28, 2002 incident within the fifteen day time limit.

In reply, plaintiff states under perjury that he attempted to timely file an appeal concerning the January 28, 2002 incident with the appeals office three days after the incident occurred, but states that this appeal was screened out as being duplicative of an appeal previously filed by plaintiff concerning his wheelchair. (Doc. 173, p.2).

The court has reviewed the materials filed by the parties, and is not persuaded by defendants' argument that plaintiff failed to grieve the January 28, 2002 incident within the fifteen day time limit. While it appears that plaintiff attempted to grieve the incident in June 2004 , well past the fifteen day deadline, plaintiff's statements on the CDC 602 are consistent with his assertions throughout this action that he had previously attempted to file a grievance concerning the January 28, 2002 incident, but that the appeal was screened out. Defendants note that plaintiff failed to provide the date on which he attempted to submit this purported appeal, and has not provided any information that would identify his claim. (Doc. 171, p.4:5-7). In opposition to the present motion to dismiss for failure to exhaust, plaintiff states under penalty of perjury that he attempted to file his appeal within three days of the incident. Plaintiff had also previously filed evidence that the appeals office does not log appeals "screened out" as duplicative of other appeals, and that the returned screened out appeal was one of several documents subsequently destroyed by water damage during a flood in plaintiff's cell. (Doc. 51).[5] As defendants are aware, section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108,

---

[4] Plaintiff is referring to earlier motion to dismiss brought by the defendants, and not the motion to dismiss before the court now.

[5] Based on this evidence, the court concluded in defendants' previous motion to dismiss for failure to exhaust that it "[could not] find Plaintiff's evidence so suspect that the court must disregard it and find the January 28, 2002 incident unexhausted". (Doc. 55, p.3:11-13).

5

1119 (9th Cir. 2003). The court is not satisfied that defendants have met their burden in establishing that plaintiff did not timely file his grievance.

   ii.  Screened-Out Appeals

  Defendants assert that even if plaintiff's suggestion that his attempts to submit inmate appeals concerning the January 28, 2002 incident were screened out as duplicative, they are still entitled to dismissal of the action based on plaintiff's failure to exhaust. (Doc. 171, p.4:1-9). Defendants contend that plaintiff failed to submit the purported screened-out appeals to the final level of review, and therefore violated the PLRA's requirement of complete exhaustion. Id. Defendants assert that "CDCR's inmate appeal process is not completed unless and until the inmate receives a response from the Director's level of review either supporting the lower-level screen-out, or responding to the merits of the inmate's appeal". (Doc. 176, p.2:12:15). Defendants further argue that plaintiff was aware of this requirement, since plaintiff in fact attempted to submit a screened-out appeal to the Director in his June 14, 2004 appeal (Doc. 176, p.2:16-19).

  The court finds defendants' argument disingenuous at best. First, the court rejects defendant's contention that a Director's Level response is necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response entitles defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available."). In order to accept defendants' position, the court must necessarily determine that an inmate is required to appeal a screened-out grievance. As plaintiff correctly observes, there is nothing in the CDCR administrative grievance system that requires an inmate to appeal a screen-out order. Defendants have not cited any rule or regulation to support their position. Absent any authority on this point, the court is not satisfied that plaintiff was required to submit an appeal where a grievance is screened out as duplicative. Defendants' have failed to meet their burden in establishing that plaintiff failed to properly exhaust his administrative remedies prior to filing suit.

///

///

D.  Plaintiff's Request for Clarification

Plaintiff has requested clarification of the status of defendant Curtis. (Doc. 173, p.4). As explained earlier in these findings and recommendations, defendant Curtis was granted summary judgment by order dated October 19, 2007. (FN 2). This action was dismissed as against defendant Curtis in its entirety.

E.  Conclusion

Based on the foregoing:

1. Plaintiff's motion for leave to respond to defendants' reply is HEREBY GRANTED; and

2. It is HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 14, 2008**                   **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE