# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGAR CASTILLO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:02-cv-06018-LJO-DLB PC<br><br>**ORDER RE MOTION FOR MODIFICATION OF SCHEDULING ORDER**<br><br>(Doc. 202) |

Plaintiff Alfred Brown ("plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. This Court issued a Second Scheduling Order on July 28, 2008, setting this matter for pretrial conference and for trial. (Doc. 184). Plaintiff's counsel subsequently filed three stipulated motions for modification of the Second Scheduling Order, requesting that the deadlines set forth in the Order be extended. (Docs. 191, 195, 197). The Court has granted each of the three previous requests. On May 6, 2009, Plaintiff's counsel filed a fourth stipulated motion to modify the scheduling order, again requesting that all dates be extended. (Doc. 202)

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to

modify should not be granted." Id.

The Court does not find good cause to warrant a further continuance of the telephonic trial confirmation hearing, nor of the trial. Accordingly, this action remains set for telephonic trial confirmation hearing on **June 4, 2009 at 8:15 a.m.** in Courtroom 4. This action also remains set for jury trial on **July 13, 2009 at 8:30 a.m.** in Courtroom 4.

Plaintiff's pre-trial statement, motion for attendance of incarcerated witnesses, and money orders for the attendance of unincarcerated witnesses who refuse to testify voluntarily were due on May 6, 2009. Plaintiff has not yet filed/submitted any of these documents. The Court will grant Plaintiff one final opportunity to do so. Plaintiff's pre-trial statement, motion for attendance of incarcerated witnesses, and money orders to secure the attendance of unincarcerated witnesses who refuse to testify voluntarily are due no later than **May 21, 2009.**[1]

Defendants pretrial statement remains due **May 27, 2009.** Any opposition to the motion for attendance of incarcerated witnesses is also due May 27, 2009.

The parties are to initiate the telephonic trial confirmation hearing by calling (559) 499-5680, and are to appear together on a single phone line.

IT IS SO ORDERED.

**Dated:   May 14, 2009**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

---

[1] In the Court's Second Scheduling Order, Plaintiff was directed to notify the Court in writing of the names and locations of his unincarcerated, involuntary witnesses. When a plaintiff is proceeding pro se, it is the practice of this Court to calculate the travel expense for each witness and notify Plaintiff of the amount, so that Plaintiff can submit the appropriate money orders. Because Plaintiff is represented by counsel, Plaintiff does not require the Court's assistance to calculate such expenses and the Court will no longer do so. Plaintiff need only submit the money order(s) by May 21, 2009 if Plaintiff requests service of any subpoena(s) by the United States Marshal.

2