# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGAR CASTILLO, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:02-cv-06018 LJO DLB PC<br><br>ORDER DENYING STIPULATED MOTION FOR RECONSIDERATION<br><br>(Doc. 205) |

I.   Procedural History

Plaintiff Alfred Brown ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for telephonic trial confirmation hearing on June 4, 2009, and for trial commencing July 13, 2009.

On May 6, 2009, the parties filed a stipulated motion to modify the Court's Scheduling Order. The parties requested a thirty day continuance of the trial and the trial confirmation hearing, as well as the deadlines for filing pretrial statements, motions for attendance of incarcerated witnesses, and for submission of the necessary fees for service of subpoenas on witnesses. (Doc. 202.) The parties indicated that they are engaged in settlement negotiations. (Id., p.2.)

On May 15, 2009, this Court issued an order denying the parties' stipulated motion. (Doc. 24.) The Court noted that the parties' three previous requests for modification had been granted, and that the Court did not find good cause to warrant a further continuance. The Court therefore declined to continue the trial confirmation hearing and trial dates. Because the deadline for submission of

Plaintiff's pretrial materials had already expired, the Court extended the deadlines for Plaintiff to submit his pretrial statement, motion for attendance of incarcerated witnesses, and money orders to secure the attendance of unincarcerated witnesses who refuse to testify voluntarily, to May 21, 2009.

On May 18, 2009, the parties filed a stipulated motion for reconsideration of the Court's order. (Doc. 205.)

II. Motion for Reconsideration

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

In the stipulated motion for reconsideration, the parties state that at some point after February 26, 2009, the parties agreed to mediate. (Doc. 205, p.2:8-10.) The parties state that on May 14, 2009, one day prior to the filing of the Court's order denying the motion for modification of the

1 Scheduling Order, the parties filed a joint motion requesting that the case be referred to the
2 Honorable Judge Vadas for mediation. (Id. at p.2:11-15.) The mediation is tentatively set for June
3 24, 2009, two weeks before the trial date. Id. Counsel for both sides state that "they regret that the
4 decision to mediate had not yet been agreed to by the parties, at the time that the motion requesting
5 modification of the Scheduling Order was filed with this Court." (Id. at p.3:8-11.) The parties seek
6 to extend the existing deadlines an additional sixty (60) days.

The parties state that they believe in good faith that mediation will dispose of the remaining claims in this action. The parties are not precluded from engaging in settlement negotiations nor mediation. However, the facts as set forth by the parties, namely that they have now filed a request for a mediation hearing, are not of a convincing nature to induce the Court to reverse its prior decision. The Court did not err in denying the parties' motion for modification of the Scheduling Order.

Accordingly, the motion for reconsideration, filed May 18, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated: May 20, 2009**          /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE